ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 19 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| JANICE BAILEY, <br>     Plaintiff, <br><br> VS. <br><br> MANHEIM, INC. <br>     Defendant. | ) <br> ) <br> ) 1:13-CV-1310 <br> ) CIVIL ACTION NO. _____ <br> ) <br> ) COMPLAINT FOR DAMAGES <br> ) UNDER TO 29 USC §§ 2601, ET. SEQ., <br> ) 29 U.S.C. §§ 621 ET. SEQ.; AND <br> ) STATE LAW CLAIMS; FOR <br> ) ATTORNEY'S FEES; AND FOR <br> ) TRIAL BY JURY <br> ) |

## COMPLAINT

COMES NOW Janice Bailey ("Plaintiff") and hereby files her complaint against the above-named defendant and shows as follows:

### Preliminary Statement

1. Plaintiff brings this action for intentional discrimination and retaliation in violation of the Family Medical Leave Act, 29 U.S.C §§ 2601, *et. seq.* ("FMLA"), for discrimination in violation of the Age Discrimination in Employment 29 U.S.C. §§ 621, *et. seq.* ("ADEA"), and for the state law claims of breach of contract, and for attorney's fees, per 29 U.S.C §§ 216(b), 626(b).

### Parties, Jurisdiction, and Venue

2. Plaintiff is a white female and was greater than 50 years old at all times material to this action.

3. Defendant, Manheim, Inc., is a foreign corporation authorized to conduct business, and at all times material, was conducting business in this state.

4. At all times material, Defendant conducted business under the name of "Manheim."

5. Defendant may be served with a copy of the summons and complaint by delivery of the same upon its registered agent or any of its other corporate officers as permitted by law.

6. This Court has jurisdiction of all claims and venue is properly before this Court.

### Administrative Procedures

7. Within 180 days of the occurrence of the last acts for which Plaintiff complains, she filed charges of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

8. More than 60 days have passed since Plaintiff filed her charges with the EEOC.

9. The EEOC terminated its investigation of said charges, and on January 22, 2013 issued a "Notice of Right to Sue" to Plaintiff, a true and correct copy of which is attached hereto as "Exhibit A." All other conditions precedent to the institution of this lawsuit have been fulfilled.

## Factual Allegations

10. At all times material, Defendant was engaged in an industry affecting interstate or foreign commerce.

11. At all times material, Defendant employed 20 or more employees each working day in each of 20 or more calendar weeks during years 2009 to the end of 2011.

12. Plaintiff had been employed with Defendant since at least the year 2005 and she was employed with Defendant through most of the year 2010.

13. At all times material, Plaintiff was employed full-time by Defendant as a "Buyer Coordinator" and/or a "Representative for National Phone Based Sales."

14. At all times material, Plaintiff was compensated for her work based on a salary and commissions.

15. At all times material, Anthony Montague was the supervisor and/or manager of Plaintiff.

16. At all times material, Ben Gutwein was the supervisor and/or manager of Anthony Montague and Plaintiff.

17. Sometime during the year of 2008, Plaintiff was absent from work for Defendant due to her having and recovering from surgery.

18. Prior to Plaintiff's absence from work during 2008, she requested that Defendant grant her leave from work pursuant to FMLA, and Defendant approved and granted the same ("First FMLA Leave").

19. Plaintiff subsequently returned to her full-time work status with Defendant following her First FMLA Leave.

20. During and after the First FMLA Leave, Defendant paid Plaintiff all commissions she was due from Defendant in exchange for her labor and work.

21. Then, again, in 2009 and going into 2010, Plaintiff was absent from work for Defendant due to her having and recovering from hip replacement surgery.

22. Prior to Plaintiff's second absence from work, she again requested that Defendant grant her leave from work pursuant to FMLA, and Defendant, again, approved and granted the same ("Second FMLA Leave").

23. During the Second FMLA Leave of Plaintiff, the supervisors and managers of Plaintiff discussed and determined to cut or otherwise reduce the commissions she was due from Defendant in exchange for her labor and work.

24. The managers and supervisors of Plaintiff discussed cutting and reducing the commissions due her in order to make taking FMLA leave and other working conditions for Plaintiff difficult and uncomfortable, all in an attempt to cause her to quit working for Defendant.

25. Defendant reduced the rate of commissions due Plaintiff during her Second FMLA Leave.

26. Upon Plaintiff's return from her Second FMLA Leave, Defendant refused to pay her all of the compensation she was due from Defendant in exchange for her labor and work.

27. Upon Plaintiff's return from her Second FMLA Leave, she repeatedly inquired and demanded of Defendant that she be paid all compensation she was due based on what she previously earned prior to her Second FMLA Leave.

28. Defendant refused to pay Plaintiff in accordance with the compensation rate she was paid prior to her Second FMLA Leave.

29. After Plaintiff returned from her Second FMLA Leave, she was repeatedly harassed, threatened, and treated less favorably by her supervisors and managers, including but not limited to the following:

   a. She was openly chastised in front of other employees;

   b. Supervisors and/or managers refused to respond to her requests regarding holiday leave;

   c. Supervisors and/or managers threatened and told Plaintiff not to take her concerns regarding her working conditions to human resources personnel;

    d. Supervisors and/or managers told Plaintiff she was not a good employee, in part, because she failed to play good office politics;

    e. Supervisors and/or managers denied and/or otherwise interfered with Plaintiff scheduled lunch periods; and,

    f. She was wrongfully chastised for being insubordinate by her supervisors/managers, which such chastisement was later withdrawn.

**30.** Just prior to November 10, 2010, Defendant employed a total of 15 employees as "Sales Representatives" in its National Phone Based Sales department.

**31.** On or around November 10, 2010, Defendant terminated Plaintiff's employment position as a "Sales Representative", purportedly due to a "reduction in force."

**32.** At the same time that Plaintiff was terminated, Defendant terminated, purportedly due to its "reduction in force", no less than a total of five "Sales Representatives", three of whom were greater than 60 years of age, and another who was greater than 40 years of age. Of the five Sales Representatives terminated, only one was less than 40 years of age, but was she pregnant at the time of her termination.

**33.** Neither Ben Gutwein nor Anthony Montague were terminated as part the reduction in force of Defendant but remained in supervisory management positions following the termination of Plaintiff and the other four employees.

## COUNT I

### Intentional Violation of FMLA

**34.** Plaintiff incorporates herein by reference paragraphs 1 through 33.

**35.** The actions of Defendant, by and through its managers and/or supervisors, to reduce the commissions due Plaintiff, to make her working conditions more difficult as alleged herein and above, and to eventually terminate her were motivated and/or done, in whole or in part, in retaliation for Plaintiff exercising her rights under FMLA, and interfered with, restrained, and denied Plaintiff the rights and protections of FMLA, per 29 U.S.C §§ 2601, *et. seq.*

**36.** As a result of the actions of Defendant, Plaintiff is entitled to recover salaries, wages, and/or commissions, and benefits from Defendant resulting from said acts as permitted by law, including but not limited to, liquidated damages from Defendant, and interest on said damages at the prevailing rate.

## COUNT II

### Violation of ADEA

**37.**   Plaintiff incorporates herein by reference paragraphs 1 through 33.

**38.**   The actions of Defendant, by and through its managers and/or supervisors, to reduce the commissions due Plaintiff, to make her working conditions more difficult as alleged herein and above, and to eventually terminate her were motivated and/or done, in whole or in part, by Plaintiff's age of her being greater than 40 years old.

**39.**   The actions of Defendant, by and through it managers and/or supervisors, as alleged herein and above, demonstrate that it treated Plaintiff less favorably than those persons under 40 years old.

**40.**   Defendant reduced the pay due Plaintiff and terminated the employment of Plaintiff when other similarly situated or less qualified employees under 40 years of age did not have their pay reduced and were not terminated.

**41.**   By terminating Plaintiff, Defendant willfully, intentionally, and unlawfully discriminated against her on the basis of her age in violation 29 U.S.C. §§ 621, *et. seq.* ("ADEA").  Plaintiff is suffering and will continue to suffer irreparable injury as a result of the acts of Defendant.

**42.**   As a result of Defendant's termination of her, Plaintiff has suffered and will continue to suffer lost income, lost fringe benefits, and lost seniority, and

emotional and mental distress. Plaintiff is thereby entitled to receive general and compensatory damages in amounts to be proven at trial.

### COUNT III

### State Law Claim of Breach of Contract

43.   Plaintiff incorporates herein by reference paragraphs 1 through 33.

44.   Prior to Plaintiff taking her Second FMLA Leave, she and Defendant had an agreement as to the amount of pay she would be due based on the labor she provided to Defendant.

45.   Defendant breached its agreement with Plaintiff by failing to pay her the amounts to which both had agreed.

46.   As a result of said breach, Plaintiff is entitled to recover from Defendant no less than $12,000.00 for commissions she earned, costs of this action, and attorney's fees.

### Demand for Attorney's Fees and for Jury Trial

47.   Plaintiff is entitled to recover from Defendant attorney's fees pursuant 29 U.S.C §§ 216(b), 626(b) and Georgia law.

48.   Plaintiff demands a jury trial for all claims at law alleged herein.

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor and against defendants as follows:  (A) for liquidated damages, where applicable, and general and compensatory damages including interest as to each Count; (B) for

costs and attorney's fees, as specified, to be taxed against Defendants; and (C) for such other and further just and proper relief.

E. BRIAN WATKINS, PC

_____
E. Brian Watkins, Ga. Bar #740426
Attorney for Plaintiff
1800 Peachtree Street, NW - #800
Atlanta, Georgia 30309-2512
(404) 355-3620 (W); (404) 355-3685 (F)
brian@ebrianwatkinslaw.com
watkinslawgroup@mac.com

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Janice D. Bailey<br>2341 Windmere Court<br>Marietta, GA 30062 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2011-00680 | Aisha Broderick,<br>Investigator | (404) 562-6879 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Bernice Williams-Kimbrough,
District Director

JAN 22 2013
*(Date Mailed)*

Enclosures(s)

cc: Russell Jones, Esq.
Attorney
DOW LOHNES
Six Concourse Parkway Suite 1800
Atlanta, GA 30328

Enclosure with EEOC
Form 161-B (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**    -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*